# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

SHENANDOAH RIVERKEEPER and
POTOMAC RIVERKEEPER, INC.,

        Plaintiffs,

v.                                          Civil Action No. 3:11-CV-17
                                                   (BAILEY)

OX PAPERBOARD, LLC,

        Defendant.

## ORDER GRANTING STATE OF WEST VIRGINIA'S
## UNOPPOSED MOTION TO INTERVENE AS PLAINTIFF

Currently pending before this Court is the State of West Virginia's Unopposed Motion to Intervene as Plaintiff [Doc. 10], filed May 10, 2011. Specifically, the State of West Virginia, by and through the West Virginia Department of Environmental Protection, moves for an order allowing it to intervene in this action as a party plaintiff. Neither the plaintiffs, Shenandoah Riverkeeper and Potomac Riverkeeper, Inc., nor the defendant, Ox Paperboard, LLC, oppose the motion. For the reasons that follow, this Court will **GRANT** the motion.

## BACKGROUND

On March 3, 2011, Shenandoah Riverkeeper and Potomac Riverkeeper, Inc. (collectively "Citizen Groups") instituted this action as a citizen suit under § 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365 [Doc. 1]. The suit seeks declaratory relief, injunctive relief, and the imposition of civil penalties by the Citizen Groups against Ox Paperboard, LLC ("Ox Paperboard") for alleged violations of the CWA for discharges of the specific

1

pollutants of biochemical oxygen demand ("BOD"), total suspended solids ("TSS"), and ammonia nitrogen from its Halltown Mill facility located in Jefferson County, West Virginia. The Citizen Groups also allege that Ox Paperboard is in violation of the conditions and limitations contained in its West Virginia National Pollutant Discharge Elimination System Permit Number WV0005517 (the "Permit"), which was issued by the West Virginia Department of Environmental Protection ("WVDEP") pursuant to § 402 of the CWA.

On May 10, 2011, the WVDEP filed the instant Motion to Intervene as Plaintiff [Doc. 10] and in support thereof attached a proposed Complaint in Intervention [Doc. 10-1]. The proposed Complaint seeks declaratory relief, injunctive relief, and the imposition of civil penalties against Ox Paperboard for alleged violations of the discharges of pH, total residual chlorine ("TRC"), dissolved oxygen ("DO"), and BOD five-day testing, as well as failure to perform monitoring and/or reporting as required by the Permit for TRC, chloride, total recoverable zinc, total recoverable aluminum, total recoverable lead, total recoverable copper, TSS, DO, and flow measurements. In addition, the WVDEP alleges water quality violations, inaccurate reporting in the required Discharge Monitoring Reports ("DMRs"), and failure to properly maintain the sequencing batch reactor ("SBR") system at the facility as required by the Permit. Because WVDEP's action arises from the same nucleus of operative facts, shares common questions of law and fact, and forms part of the same case or controversy as the action brought by the Citizen Groups, WVDEP asks that it be granted permission to intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure or, alternatively, as a matter of judicial discretion under Rule 24(b)(1)(B). Neither the Citizen Groups nor Ox Paperboard oppose WVDEP's intervention.

**DISCUSSION**

I.  **Applicable Standards**

   A.  **Intervention of Right**

   Pursuant to Rule 24(a), "the court <u>must</u> permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a) (emphasis added).

   B.  **Permissive Intervention**

   Pursuant to Rule 24(b), "the court <u>may</u> permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that share with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1) (emphasis added). Under this same section, "the court <u>may</u> permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on: (A) a statute or executive order administered by the officer or agency; or (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order." Fed. R. Civ. P. 24(b)(2) (emphasis added). Finally, in determining whether permissive intervention is proper, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

II.  **Analysis**

   A.  **Intervention of Right**

   In its motion, the WVDEP argues that it has a right to intervene pursuant to Rule

3

24(a)(2). To intervene under this provision, an absentee must satisfy three elements, namely that: (1) the absentee claims an interest relating to the property or transaction that is the subject of the action, (2) the absentee is so situated that the disposition of the action may as a practical matter impair or impede the absentee's ability to protect that interest, and (3) the existing parties do not adequately represent the absentee's interest. *See* Fed. R. Civ. P. 24(a)(2). The Court will consider each element, in turn.

### 1. Sufficient Interest

First, the WVDEP argues that it has an interest relating to the waters that are the subject of the Citizen Groups' action against Ox Paperboard. This Court agrees.

It is well established that "interests in property are the most elementary type of right that Rule 24(a) is designed to protect." **Diaz v. Southern Drilling Corp.**, 427 F.2d 1118, 1124 (5th Cir. 1970). This "most elementary type of right" extends to a state's legally protectable interest in the quality of its waterways. *See* **Georgia v. U.S. Army Corps of Eng'rs**, 302 F.3d 1242 (11th Cir. 2002) (holding that Florida had legally protectable interest in the quality and quantity of water in the river, river basin, and bay into which the river flowed, for purposes of determining its right to intervene).

In the instant case, the WVDEP undisputably has a legal interest in enforcing and ensuring compliance with the terms and conditions of the Permit it issued Ox Paperboard. This interest is further supported by the WVDEP's authority under the West Virginia Water Pollution Control Act ("WPCA"), W.Va. Code § 22-11-22, to regulate discharges into the waters of West Virginia. Accordingly, this Court finds the first element satisfied.

### 2. Effect of the Action on the Interest

Next, the WVDEP argues that it is so situated that the disposition of the Citizen

Groups' action may as a practical matter impair or impede the WVDEP's ability to protect its interest in the waters of West Virginia. This Court agrees.

The focus of this requirement is whether the absentee will be practically disadvantaged if not permitted to intervene, not whether the absentee will be legally bound as a matter of *res judicata*. *See* **Spring Constr. Co. v. Harris**, 614 F.2d 374 (4th Cir. 1980). However, several courts have held that *stare decisis* by itself supplies the practical disadvantage that is required for intervention under Rule 24(a)(2). *See* **Stone v. First Union Corp.**, 371 F.3d 1305 (11th Cir. 2004).

In the instant case, resolution of the dispute between the Citizen Groups and Ox Paperboard may affect the conditions under which Ox Paperboard discharges pollutants into the waters of West Virginia. If not granted intervention, the WVDEP would be forced to bring a separate action concerning the same subject of the Citizen Groups' action – the discharge of pollutants in violation of the Permit. Consequently, WVDEP faces a potential disadvantage in the form of the *stare decisis* effect of any decision regarding interpretation of the Permit in the Citizen Groups' action. Accordingly, this Court finds the second element satisfied.

### 3. Adequacy of Representation

Finally, the WVDEP argues that the Citizen Groups' action will not adequately represent its interests. This Court agrees.

The most important factor in determining adequacy of representation is how the interest of the absentee compares with the interests of the present parties. *See* **Brennan v. N.Y.C. Bd. of Educ.**, 260 F.3d 123 (2d Cir. 2001).

In the instant case, there is no question that the WVDEP has a more significant

interest than the Citizen Groups in the waters alleged to have been polluted by Ox Paperboard. First, the WVDEP issued the Permit that the Citizen Groups allege Ox Paperboard violated. Second, the WVDEP has alleged violations that are not covered in the Citizen Group's action. In fact, by not opposing the instant motion, this Court can only assume that the Citizen Groups do not dispute that the WVDEP has a more significant interest for purposes of this element. Accordingly, this Court finds that the third element is satisfied. As a result, this Court finds that the WVDEP has a right to intervene in this action as a matter of right pursuant to Rule 24(a)(2).

### B. Permissive Intervention

Alternatively, the WVDEP argues that it should be permitted to intervene pursuant to Rule 24(b)(1)(B) because the WVDEP "has a claim or defense that shares with the main action a common question of law or fact" and because intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B) & 24(b)(3). However, to the extent that this Court has already concluded that the WVDEP has a right to intervene, this Court need not decide whether the requirements for permissive joinder are satisfied.

### **CONCLUSION**

For the foregoing reasons, this Court finds that the WVDEP's Motion to Intervene as Plaintiff **[Doc. 10]** should be, and hereby is, **GRANTED**. Accordingly, the WVDEP is hereby **ORDERED** to file forthwith its Complaint in Intervention.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: May 16, 2011.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE